# United States District Court
## Central District of California

JS-3/ent

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  **CR 12-574-JFW** |
| **Defendant**  Joseph Lee Hedderich | Social Security No.  **5  9  0  8** |
| akas:  None | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| **December** | **19** | **2012** |

**COUNSEL**  **Edward M. Robinson**, Retained
(Name of Counsel)

**PLEA**  [x] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**  There being a finding of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Use of a Facility of Interstate Commerce to Attempt to Induce a Minor to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2411(b) as charged in the Single-Count Indictment filed on June 19, 2012

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Joseph Lee Hedderich, is hereby committed on the Single-Count Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 144 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for life under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

2. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

3. The defendant shall cooperate in the collection of a DNA sample from the defendant;

Computer Restrictions

4. The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), which have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to the first use.  Computers and computer-related devices are personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers;

| USA vs. Joseph Lee Hedderich | Docket No.: CR 12-574-JFW |
|---|---|

5. All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search and seizure. This shall not apply to items used at the employment's site, which are maintained and monitored by the employer;

6. The defendant shall comply with the rules and regulations of the Computer Monitoring Program. The defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet;

Search Condition

7. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and his effects to search at any time, with or without a warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any Probation Officer in the lawful discharge of the officer's supervision functions;

Sex Offender Registration

8. The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence. The defendant shall provide proof of registration to the Probation Officer within three days of release from imprisonment;

Residency Restriction

9. The defendant shall not reside within 2,000 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move;

Materials Ban

10. The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2);

11. The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8); This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared and used for the purposes of his court-mandated sex offender treatment, when the defendant's treatment provider for the probation officer has approved of his possession of the material in advance;

12. The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer;

USA vs.   Joseph Lee Hedderich                                    Docket No.:   **CR 12-574-JFW**

Protection of the Victim and Others

13. The defendant shall not contact the victim, her parents, or any of her siblings by any means, including in person, by mail or electronic means, or via third parties.  Further, the defendant shall remain at least 100 yards from the victim, her parents, or her siblings at all times.  If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer;

14. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except:  a)  in the presence of the parent or legal guardian of said minor; and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services;

15. The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18, unless the defendant receives written permission from the Probation Officer;

Employment Restrictions

16. The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and or organization that causes him to regularly contact persons under the age of 18;

17. The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  The defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change;

18. The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2);

Mental Health Treatment

19. The defendant shall participate in psychological counseling or psychiatric treatment and a sex offender treatment program, as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program;

20. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential sex offender treatment program approved by the United States Probation Office, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer; and,

21. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorders to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment, as directed by the Probation Officer.

| USA vs. Joseph Lee Hedderich | Docket No.: CR 12-574-JFW |
|---|---|

The Court authorizes the Probation Officer to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence Report), to State or local social service agencies (such as the State of California, Department of Social Services), for the purpose of the client's rehabilitation.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline Section 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Defendant informed of right to appeal.

Court recommends that the defendant be placed in Butner or a facility offering appropriate sex offender treatment.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| December 19, 2012 | /s/ John F. Walter |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| December 19, 2012 | By | Shannon Reilly /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

USA vs. Joseph Lee Hedderich　　　　　　　　　　　Docket No.: **CR 12-574-JFW**

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

| USA vs. Joseph Lee Hedderich | Docket No.: **CR 12-574-JFW** |
|---|---|

[X] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____

| | |
|---|---|
| USA vs.  Joseph Lee Hedderich | Docket No.:  **CR 12-574-JFW** |

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____  
Date

Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____  
Filed Date

Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____  
Defendant                              Date

_____    _____  
U. S. Probation Officer/Designated Witness    Date